UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ASIF AMIN CHEEMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00609-JRS-MJD |
| | ) | |
| BRISON SWEARINGEN, | ) | |
| SANDRA SALAZAR, | ) | |
| TODD M. LYONS, | ) | |
| KRISTI NOEM, | ) | |
| PAM BONDI, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER**

On December 5, 2025, Asif Amin Cheema, by counsel, petitioned for a writ of
habeas corpus under 28 U.S.C. § 2241, challenging his current civil detention in Clay
County Jail. Dkt. 1. Mr. Cheema simultaneously filed a motion for temporary
restraining order, dkt. 2, asking the Court to enjoin Respondents from removing Mr.
Cheema during the pendency of his habeas petition. On December 9, the Court issued
an order to show cause, directing Respondents to address Mr. Cheema's habeas
petition and his motion for temporary restraining order. Dkt. 8. Respondents have
since answered the petition and the motion for temporary restraining order and Mr.
Cheema has replied. Dkts. 11, 15. On December 16, Mr. Cheema filed a second
emergency motion for temporary restraining order, requesting a hearing. Dkt. 16.
Having reviewed the briefings, the Court **must deny** Mr. Cheema's petition and

**dismiss** the action without prejudice. Thus, the Court **denies without prejudice** Mr. Cheema's motions for temporary restraining order, dkt. [2], [16].

## I.    Background

Mr. Cheema is a Pakistani national who entered the United States in 1989. In 1991, an Immigration Judge in Chicago, Illinois ordered him removed. Dkt. 1 ¶ 31. The Bureau of Immigration Appeals ("BIA") affirmed the decision in 1993. *Id.* Mr. Cheema remained in Illinois, where he has a family and U.S.-citizen children. *Id.,* ¶¶ 30–31. On September 18, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner without a warrant in Illinois and transferred him to Clay County Jail in Indiana where he remains detained. While in custody, Mr. Cheema's health has deteriorated. *Id.,* ¶ 36.

On October 10, 2025, Mr. Cheema filed a motion to reopen and stay his removal proceedings. Dkt. 11-3. On November 17, 2025, however, the BIA denied Mr. Cheema's motion to stay the removal proceedings. Dkt. 11-2. On November 18, Mr. Cheema filed a petition for habeas corpus with the Southern District of Indiana as well as a motion for temporary restraining order to stay his removal proceedings. *See Cheema v. Swearingen, et al.*, No. 2:25-cv-00583-JPH-MJD. After the court in that case denied Mr. Cheema's motion for temporary restraining order, Mr. Cheema voluntarily dismissed his petition. On November 19, Mr. Cheema filed another habeas petition in the Northern District of Illinois and a motion for temporary restraining order. *See Cheema v. Olson, et al.*, No. 1:25-cv-14148 (N.D. Ill.). Mr. Cheema represented that he filed the petition in the Northern District of Illinois after

being removed from Clay County Jail to the ICE Broadview Facility in Illinois. *See* dkt. 12 ¶ 2 in *Cheema v. Olson*, et al. Mr. Cheema then moved to voluntarily dismiss that case on December 1. On December 5, Mr. Cheema filed the instant petition, representing that he is detained in Clay County.

## II.    Discussion

Mr. Cheema challenges his detention because he claims that (1) his warrantless arrest violated the consent decree in *Castañon Nava v. Dep't of Homeland Sec.*, No. 18-CV-3757, 2025 WL 2842146, at *1 (N.D. Ill. Oct. 7, 2025);[1] (2) he can only be lawfully detained pursuant to 8 U.S.C. § 1226(a), which allows arrestees to move for a bond hearing, instead of the mandatory detention provision of § 1225(b)(2); and (3) his detention while his immigration appeals remain pending violates the Due Process Clause. Dkt. 1 at 9–10. Respondents argue that Mr. Cheema's detention is lawful under 8 U.S.C. § 1231(a)(6)(A) and that this Court lacks jurisdiction over Mr. Cheema's petition and thus, his motions for temporary restraining order. Dkt. 11.

As a threshold issue, it is unclear whether Mr. Cheema is a member of the *Castañon Nava* class because, as will be explained below, he is subject to a final order

---

[1] In *Castañon Nava*, plaintiffs filed a class action lawsuit against DHS and ICE seeking to ensure that ICE complied with its statutory obligations when conducting warrantless arrests of persons who have not obtained lawful immigration or citizenship status in the United States. *Castañon Nava*, 2025 WL 2842146, at *1. The parties entered into a settlement agreement which imposed several obligations on ICE related to warrantless arrests and, among other things, provided that class members arrested contrary to the terms of the agreement "shall be released from custody on their own recognizance without posting bond as soon as practicable." *Id.* at *5. According to Petitioner, he has requested class membership. Dkt. 1 at 9.

of removal. *See* dkt. 11 at 11. There is no evidence in the record that he is a class member. Furthermore, Mr. Cheema has not shown how this Court has the authority to grant the requested relief based on his purported class membership. Because unsupported arguments are waived, this Court does not address this issue. *See United States v. Anderson*, 103 F.3d 134 (7th Cir. 1996) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues.") (internal quotations omitted).

Mr. Cheema claims that his detention without an opportunity for a bond hearing violates 8 U.S.C. § 1226(a). However, Mr. Cheema is not detained under the discretionary detention provision of 8 U.S.C. § 1226(a) or the mandatory detention provision in 8 U.S.C. § 1225(b)(2). Because he is subject to a final order of removal, the government is detaining him under 8 U.S.C. § 1231. Section 1231(a)(1)(A) directs immigration authorities to remove an individual with a final order of removal within a period of 90 days, which is known as the "removal period." During the removal period, ICE *must* detain the alien. 8 U.S.C. § 1231(a)(2) ("shall detain") (emphasis added). If the removal period expires, ICE can either release an individual pursuant to an Order of Supervision as directed by § 1231(a)(3) or may continue detention under § 1231(a)(6). ICE may continue detention beyond the removal period for three categories of individuals: (i) those who are inadmissible to the United States pursuant to 8 U.S.C. § 1182; (ii) those who are subject to certain grounds of removability from the United States pursuant to 8 U.S.C. § 1227; or (iii) those whom immigration

authorities have determined to be a risk to the community or "unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6)(A). Here, federal agents detained Mr. Cheema on September 18, 2025, in order to execute his final order of removal. Thus, because 90 days have not yet passed, Mr. Cheema is still under the 90-day mandatory detention provision.

Mr. Cheema's petition recognizes that noncitizens who are detained under 8 U.S.C. § 1231 are not detained under § 1226(a). *See* dkt. 1 at 9. Even still, Mr. Cheema does not address the legality of his detention under 8 U.S.C. § 1231(a)(1)(A) other than to say that it is "likely that Petitioner will meet the criteria for release" once the 90-day removal period ends. *See* dkt. 15 at 3. Nevertheless, because 90 days have not yet passed, Mr. Cheema's current detention conforms with § 1231(a)(6)(A).

Mr. Cheema also claims that his detention nevertheless violates due process because he has not been granted a bond hearing or a stay while his immigration appeals remain pending. Mr. Cheema does not explain, however, how either of these actions violate due process. Indeed, in *Zadvydas v. Davis*, 533 U.S. 678, 699–701 (2001) the Supreme Court held that, though the government cannot detain people subject to a final removal order indefinitely, a detention period of six months is "presumptively reasonable." Thus far, Mr. Cheema has only been detained for three months. In this way, the record does not show that Mr. Cheema's current detention to execute the removal order violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the face of the Supreme Court's mandate that "detention during deportation proceedings [is] a constitutionally valid aspect of

the deportation process," the record does not show that habeas relief is warranted on constitutional or statutory grounds. *See Demore v. Kim*, 538 U.S. 510, 523 (2003).

As such, the Court cannot grant habeas relief because the record does not show that Mr. Cheema's detention is unlawful. *See Ferreyra v. Nielsen*, 2018 WL 4496330, at *2–3 (E.D. Wis. Sept. 18, 2018) (transferring habeas petition to the Seventh Circuit because the district court did not have jurisdiction over habeas corpus petition challenging detention due to removal order). A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, the Court cannot grant relief from the efforts to remove Mr. Cheema from the United States in a habeas corpus action—it can only grant release from custody due to unlawful detention. *See, e.g., Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 114–15, 118 (2020) (Asylum seeker's habeas petition was properly dismissed given that it sought only an "opportunity to apply for asylum and other applicable forms of relief" and not "release from custody. . . . Such relief might fit an injunction or writ of mandamus . . . but that relief falls outside the scope of the common-law habeas writ."); *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) ("E.F.L.'s habeas petition does not 'contest[ ] the lawfulness of restraint' or seek to 'secur[e] release' from custody; it instead vies for her right to 'remain in [the United States] or to obtain administrative review potentially leading to that result.'") (quoting *Thuraissigiam*, 591 U.S. at 117)).

In addition to being outside the scope of habeas relief, 8 U.S.C. § 1252 strips district courts' jurisdiction over some parts of removal proceedings implicated here.

6

*See Jennings v. Rodriguez*, 583 U.S. 281, 292–93 (2018). For example, 8 U.S.C. § 1252(g) bars district courts from hearing any cause "on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Here, even though Mr. Cheema claims to challenge his detention without a bond hearing, the substance of his petition challenges the government's decision to detain him to execute the final removal order. Section 1252(g) expressly prohibits district courts from reviewing these kinds of decisions. *See, e.g., Nino v. Johnson*, 2016 WL 6995563 (N.D. Ill. Nov. 30, 2016) ("'[A]n alien cannot evade § 1252(g) by attempting to re-characterize a claim that, at its core, attacks the decision to execute a removal order.'") (internal citation omitted).

Similarly, 8 U.S.C. § 1252(b)(9) precludes judicial review "of all questions of law . . . including interpretation and application of statutory provisions . . . arising from any action taken . . . to remove an alien from the United States." These provisions in no way preclude habeas jurisdiction. *See Carrera-Valdez v. Perryman*, 211 F.3d 1046, 1047 (7th Cir. 2000) ("[N]othing in § 1252(g) precludes review of the decision to confine."); *Ozturk v. Hyde*, 136 F.4th 382, 397 (2d Cir. 2025) ("Section 1252(g) 'does not preclude jurisdiction over the challenges to the legality of [a noncitizen's] detention.'") (quoting *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023)). However, they preclude this Court's ability to interfere with the government's decision to execute a final removal order.

### III.    Conclusion

For the reasons explained above, the Court **denies** Mr. Cheema's habeas petition and **dismisses this action without prejudice**. Thus, the Court **denies without prejudice** Mr. Cheema's motions for temporary restraining order, dkts. [2], [16]. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund*, 527 U.S. 308, 326 (1999) (where the requested injunction relates to matters "lying wholly outside the issues in the suit," an injunction is beyond the power of the Court) (quoting *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Final judgment shall now issue.

**SO ORDERED.**

Date:12/16/2025

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

William McLean, III
The Law Office of William G. McLean III, P.C.
mcleanlaw.chicago@gmail.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov